Monreal v. New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

PRESENT:
DENNIS JACOBS,
*Chief Judge*,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
Circuit Judges.

_____

FRANCISCO JAVIER MONREAL, M.D.,

<u>Plaintiff-Appellant</u>,

v.                                    12-2829

STATE OF NEW YORK, ITS HEALTH (OPMC) & EDUCATION DEPARTMENTS AND ITS JUDICIAL SYSTEMS,

<u>Defendants-Appellees</u>.

_____

**FOR PLAINTIFF-APPELLANT:**     FRANCISCO JAVIER MONREAL, <u>pro se</u>, Jamesville, NY.

**FOR DEFENDANTS-APPELLEES:**     VICTOR GERARD PALADINO, Assistant Solicitor General (Barbara D. Underwood, Nancy A. Spiegel, <u>on the brief</u>) <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Appellant Francisco Javier Monreal, M.D., <u>pro se</u>, appeals from the district court's July 2012 judgment dismissing his civil rights complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  We review <u>de novo</u> a district court decision dismissing a complaint pursuant to Rule 12(b)(1). <u>See</u> <u>Jaghory v. New York State Dep't of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." <u>Virginia Office for Prot. & Advocacy v. Stewart</u>, 131 S. Ct. 1632, 1638 (2011).  "'[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.'"  <u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009) (quoting <u>Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.</u>, 466 F.3d 232, 236 (2d Cir. 2006)).  Every state entity sued by Monreal is an arm of the state that is entitled to sovereign immunity.  <u>See</u> <u>Gollomp</u>, 568 at 368 (finding that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity") (quotation marks and internal citation omitted); <u>Dube v. State Univ. of New York</u>, 900 F.2d 587, 594-95 (2d Cir. 1990)

2

(finding that the New York State Department of Education is entitled to Eleventh Amendment sovereign immunity); New York Ass'n of Homes and Servs. for the Aging, Inc. v. DeBuono, 444 F.3d 147, 148 (2d Cir. 2006) (per curiam) (finding that officers of the Department of Health are entitled to Eleventh Amendment sovereign immunity).  The district court was therefore correct to dismiss Monreal's suit.

We have considered all of Monreal's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3